AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

8 U.S.C. § 1326(a) - Reentry of Removed Alien

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: 2/10/20 years imprisonment;
Not more than 1 year/3 years supervised release;
$250,000 fine; $100 special assessment;
denial of federal benefits; deportation.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**DEFENDANT - U.S**

▶ Rudy Cruz Reyes

DISTRICT COURT NUMBER

4:26-mj-70380 MAG

**FILED**

Apr 02 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Michael Peters, FBI S/A

☒ person is awaiting trial in another Federal or State Court, give name of court

Superior Court of California, Contra Costa County

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form     Craig Missakian

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     AUSA Benjamin Kleinman

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction     } ☐ Federal ☒ State

6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
Superior Court of CA, Contra Costa County

Has detainer been filed? ☐ Yes ☒ No } If "Yes" give date filed

DATE OF ARREST ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____     Before Judge: _____

Comments:

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Rudy Cruz Reyes | ) | Case No.   4:26-mj-70380 MAG |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**

Apr 02 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 29, 2026 _____ in the county of _____ Contra Costa _____ in the _____ Northern _____ District of _____ California _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) & (b)(1) OR (b)(2) | Reentry of Removed Alien<br>Maximum penalties:<br>- Imprisonment: 2 years/1326(a); 10 years/1326(b)(1); 20 years/1326(b)(2)<br>- Fine: $250,000<br>- Supervised release: not more than 1 year [1326(a)] or 3 years [1326(b)]<br>- Special assessment: $100<br>- Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of FBI S/A Michael Peters

☑ Continued on the attached sheet.

_____/s/_____
*Complainant's signature*

Approved as to form _____ 3/31/2026
AUSA __ Benjamin Kleinman

Michael Peters, FBI S/A
*Printed name and title*

Sworn to before me by telephone.

Date: _____ 03/31/2026 _____

_____
*Judge's signature*

City and state: _____ McKinleyville, CA _____

Hon. ROBERT M. ILLMAN, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR
<u>A CRIMINAL COMPLAINT AND ARREST WARRANT</u>**

I, Michael Peters, a Special Agent with Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

**<u>INTRODUCTION</u>**

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Rudy Cruz Reyes ("REYES") with a violation of 8 U.S.C. §§ 1326(a) and (b)(1) – Illegal Reentry Following Removal by a Felon.

2. There is probable cause to believe that on, or about January 29, 2026, in the Northern District of California, REYES, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about May 25, 2011, May 21, 2020, and March 24, 2022, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission after having committed a felony within the meaning of 8 U.S.C. § 1326(a) and (b)(1).

**<u>AFFIANT BACKGROUND</u>**

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since August 2004. I have had intensive training in law enforcement investigation techniques while assigned to the FBI New Agent Training Course at the FBI Academy in Quantico, Virginia.

4. Since I graduated from the FBI Academy in December 2004, my duties and responsibilities have included leading investigations of various criminal federal offenses. Currently, I am assigned to an FBI criminal squad in San Francisco, California, where my

1                    NDCA-OTBA FBI Affidavit v.2.0

responsibilities include investigating financial crimes including health care fraud, investment schemes and other frauds. As part of my duties, I coordinate with employees of the Drug Enforcement Administration ("DEA") and Department of Homeland Security ("DHS") organizations such as Immigration and Customs Enforcement ("ICE"), Enforcement Removal Operations ("ERO"), and Homeland Security Investigations ("HSI").

5.      I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States.  I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have probable cause to believe the individual arrested has committed a felony against the United States.  I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation.

## SOURCES OF INFORMATION

6.      The statements in this affidavit come from my personal observations, my training and experience, information from FBI/DHS records and databases, information obtained from police records in response to my requests, information from conversations with ICE ERO Deportation Officers, as well as excerpts from the defendant's A-File which were forwarded to me by officer(s) from ERO.  Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this affidavit, such statements are described in sum and substance and in relevant part.  Similarly, where information contained in

2                    NDCA-OTBA FBI Affidavit v.2.0

reports and other documents or records is referenced in this affidavit, such information is also described in sum and substance and in relevant part and not verbatim

7. I have received, from ICE, relevant portions of REYES's immigration file (his "A-File") that pertain to REYES's removals and to certain portions of REYES's criminal history, which I have reviewed.

8. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

9. Under 8 U.S.C. § 1326(a), it is unlawful for REYES to be in the United States after having been previously excluded, deported, and removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

10. The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:

> (1) the defendant was removed from the United States;
>
> (2) thereafter, the defendant voluntarily entered the United States;
>
> (3) after entering the United States the defendant knew that he was in the United States and knowingly remained;
>
> (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the

Secretary of the Department of Homeland Security to reapply for admission into the United States;

(5)    the defendant was an alien at the time of the defendant's entry into the United States; and,

(6)    the defendant was free from official observation or restraint between the moment the defendant physically crossed into U.S. territory and the moment the defendant was apprehended.

11.    The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

12.    A defendant who violates 8 U.S.C. § 1326(a) shall be fined under Title 18, or imprisoned not more than 2 years, or both.

13.    Additionally, under 8 U.S.C. § 1326(b)(1), a defendant who violates 8 U.S.C § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or any felony, shall be fined under Title 18, imprisoned not more than 10 years, or both.  A felony is defined as a crime punishable by greater than one year of imprisonment.

14.    Finally, under 8 U.S.C. § 1326(b)(2), a defendant who violates 8 U.S.C § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of an aggravated felony shall be fined under Title 18, imprisoned not more than 20 years, or both.  An aggravated felony is defined at 8 U.S.C. § 1101(a)(43).

## FACTS SUPPORTING PROBABLE CAUSE

15.    Based on the facts set forth below, I believe that there is probable cause to believe that on or about January 29, 2026, in the Northern District of California, REYES, an alien, was found in the United States after having previously been excluded, deported, and removed from

4                    NDCA-OTBA FBI Affidavit v.2.0

the United States on or about March 24, 2022, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

16. As noted above, I have reviewed pertinent portions of REYES's A-File. The following allegations are based on the immigration records I have reviewed, including police records.

**REYES is Not a United States Citizen and was Removed from the United States**

17. REYES is a citizen of Nicaragua and not a citizen of the United States.

18. On January 7, 2008, Immigration Judge Michael Yamaguchi, in San Francisco, California, issued an order of removal for REYES.

19. On May 3, 2011, and on June 20, 2019, REYES affixed his right and left index fingerprints to DHS Form I-213, a Record of Deportable / Inadmissible Alien.

20. On June 20, 2019, REYES affixed his fingerprint and signature to DHS Form I-294, Warning to Alien Ordered Removed or Deported.

21. On March 24, 2022, REYES was removed, and his departure was witnessed by Customs and Border Patrol Agent Curtis L. Nunez; REYES affixed his fingerprint and signature to DHS Form I-205, which reflects the aforementioned removal.

22. On March 24, 2022, the defendant was removed from the United States to Nicaragua at the AEX International Airport.

23. I have reviewed law enforcement records pertaining to REYES, including arrest records from the California Law Enforcement Telecommunications System ("CLETS"), and other various police reports reviewed within the A-File. Based on my review of these records, I

NDCA-OTBA FBI Affidavit v.2.0

believe that on an unknown date after March 24, 2022, REYES voluntarily, and illegally, entered the United States at an unknown place. After entering the United States, the defendant knew that they were in the United States and knowingly remained.

24. According to REYES's CLETS printout of his criminal history, dated February 18, 2026, and a review of the Immigration Alien Responses ("IAR") in the DHS ICE indices, REYES was found in the United States on January 29, 2026, following an interaction with Berkeley Police Department and Alameda County Sheriff's Department. I know from conversations with ERO Officers that the IAR is an automatic record generated from biometrics (including fingerprints) taken from a specific individual and used to automatically notify FBI/DHS when fingerprint biometrics are confirmed regarding a Subject's identity.

25. According to REYES's police records and CLETS Criminal History, on January 29, 2026, REYES was arrested, booked, and his fingerprints were taken as part of the standard booking procedures conducted by the Alameda County Sheriff's Department which initiated an IAR on or about January 29, 2026. As noted above, the IAR is used to automatically notify FBI/DHS when fingerprint biometrics confirm an individual's identity. Due to the fact that on or about January 29, 2026, REYES's fingerprints were taken based on Alameda County Sheriff's Department's booking procedures, which is readily provable with fingerprint evidence (as explained more fully in the following section), I am relying on this date for when REYES was found in the Northern District of California after his last removal on or about March 24, 2022.

26. I know from my training and experience that the fingerprints and images obtained in the Alameda County Sheriff's Department booking procedure were electronically submitted to the California Department of Justice ("CAL DOJ"), National Crime Information Center ("NCIC"), Next Generation Identification ("NGI"), and DHS/ICE databases.

6                    NDCA-OTBA FBI Affidavit v.2.0

**Confirmation of Identity**

27.    Based on my conversations with ICE agents, and my own experience and training with the FBI, I know that FBI and FINs numbers are linked to fingerprints. In this regard, the two numbers are unique identifiers directly linked to REYES's fingerprints.

28.    REYES's fingerprints were taken by the Alameda County Sheriff during his booking process on or about January 29, 2026. These were linked to FBI Number ending in 4HA5. FBI Number ending in 4HA5 and FINS ending in 4316 appear within REYES's A-File and Criminal Histories.

29.    Furthermore, I know from my training and experience that the Alien Registration Number ("A Number") is a unique identifying number assigned to only one individual; also, it is the number listed on the A-File for that individual. I know from my review of the excerpts of REYES's A-File information and DHS/USCIS Central Index System that A Number ending in 1572 is associated with REYES's May 25, 2011 removal; with his May 21, 2020 removal; and with his March 24, 2022 removal. In other words, the documents pertaining to each of these three removals all contain REYES's same A Number.

30.    I thus determined that REYES was the person whose details are contained in the ICE computer indices and in the A-File information discussed in this affidavit. It should be noted that in the course of reviewing the various records discussed above, I have learned that REYES is associated with the alias Rodolfo Reyes Cruz.

31.    Accordingly, there is probable cause to conclude that REYES is the same person who was removed from the United States on or about March 24, 2022, and found in the United States on or about January 29, 2026.

NDCA-OTBA FBI Affidavit v.2.0

**REYES Did Not Obtain Permission to Reenter the United States**

32.     On or about February 26, 2026, I reviewed the electronic printouts of ICE computer indices on REYES for information pertaining to removals or deportations.

33.     Based on my training and experience, I know that the ICE computer indices, including information included in A-Files, track and document each time an alien is removed, deported or excluded from the United States by ICE; was removed, deported or excluded by the former agency know as INS; or is granted permission to enter or re-enter the United States.  The ICE computer indices and A-File information confirmed that REYES received an Order of Removal and was then removed, deported, and/or excluded on March 24, 2022.  REYES was removed on multiple occasions, with the most recent removal date listed as March 24, 2022.

34.     The ICE computer indices indicated that REYES had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

35.     Finally, on or about February 18, 2026, USCIS provided information to me that USCIS had conducted a diligent search of its records for any information about whether REYES had obtained permission to enter the United States after REYES's removal on or about March 24, 2022, and concluded that it had no record of REYES obtaining permission from either the Attorney General or the Secretary of Homeland Security to reenter the United States.

36.     Based on all the facts set forth above, there is probable cause to believe that REYES was found in the Northern District of California on or about January 29, 2026, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of

his entry into the United States; was free from official restraint at the time he entered the United States; and knowingly and intentionally remained in the United States thereafter.

**REYES's Relevant Criminal Record Prior to First Removal from the United States**

37.     Based on REYES CLET'S Criminal History printout, law enforcement reports received from California Department of Justice, DHS ICE Indices, and A-File information, I have learned the following about REYES's criminal history in the United States.  Prior to being removed from the United States on or about March 24, 2022, REYES had been convicted of the following crimes:

   a.   On or about September 22, 1999, REYES was convicted of carrying a loaded firearm in a public place and threatening a crime with the intent to terrorize;

   b.   On or about March 21, 2005, REYES was convicted of driving with a suspended license and a DUI;

   c.   On or about October 6, 2005, REYES was convicted of driving with a suspended license and a DUI;

   d.   On or about September 9, 2010, REYES was convicted of a DUI;

   e.   On or about January 22, 2014, REYES was convicted of driving with a suspended license and a DUI;

   f.   On or about February 19, 2020, REYES was convicted of Illegal Reentry After Removal; and

   g.   On or about June 16, 2021, REYES was convicted of Illegal Reentry After Removal.

   h.

**CONCLUSION**

38.     Based on the information above, there is probable cause to believe that on or about January 29, 2026, Rudy Cruz Reyes violated 8 U.S.C § 1326(a) and (b)(1) – Illegal Reentry Following Removal.  Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

   ///

9                         NDCA-OTBA FBI Affidavit v.2.0

39.    I further request, in order to avoid Rudy Cruz Reyes from destroying evidence, fleeing, or otherwise impeding my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, the FBI, DHS, and other law enforcement and intelligence agencies, including foreign law enforcement and intelligence agencies, as necessary for use in investigation and prosecution.

40.    A sealing motion and proposed sealing order are submitted herewith for the Court's consideration.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

_____/s/_____
Michael Peters
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 31 day of March 2026. This application and warrant are to be filed under seal.

_____
HONORABLE ROBERT M. ILLMAN
United States Magistrate Judge

NDCA-OTBA FBI Affidavit v.2.0